OPINION
On June 3, 1995, Kevin Moroney, age 27, was operating a motorcycle southbound on State Route 39 in Richland County, Ohio, when he was involved in a collision with a vehicle operated by Michael R. Annis. Mr. Moroney sustained numerous injuries. At the time of the accident, Mr. Moroney's parents, appellants, Donald and Paulette Moroney, were insured under a policy of insurance issued by appellee, State Farm Mutual Automobile Insurance Company.
On January 16, 1997, appellants filed a complaint against appellee to recover for the loss of their son's consortium. On September 18, 2001 appellants filed a motion for summary judgment. By judgment entry filed November 8, 2001, the trial court denied the motion and entered judgment in favor of appellee.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED IN FINDING THAT THE PARENT OF AN ADULT CHILD DOES NOT HAVE A RIGHT TO RECOVER FOR A LOSS OF CONSORTIUM FOR INJURIES TO THAT CHILD."
 I
Appellants claim the trial court erred in finding that the law in Ohio does not provide for parents to claim a loss of consortium for injuries to an adult child. We disagree.
Appellants argue the explanation and dicta of the Supreme Court of Ohio in Rolf v. Tri State Motor Transit Company, 91 Ohio St.3d 380,2001-Ohio-44, wherein the court held at syllabus "[a]dult emancipated children may recover for loss of parental consortium," should extend consortium claims to include a parent's right to recover for injuries to an adult child. In said decision at 383, the Supreme Court of Ohio quoted the following language from an Arizona decision, Howard Frank,M.D., P.C. v. Maricopa Cty. Superior Court (1986), 150 Ariz. 228, 232, on a filial consortium claim (brought by parents to recover for injuries sustained by their adult child):
 `Surely nature recoils from the suggestion that the society, companionship and love which compose filial consortium automatically fade upon emancipation[,] while common sense and experience teach that the elements of consortium can never be commanded against a child's will at any age. The filial relationship, admittedly intangible, is ill-defined by reference to the ages of the parties and ill-served by arbitrary age distinctions. Some filial relationships will be blessed with mutual caring and love from infancy through death while others will always be bereft of those qualities. Therefore, to suggest as a matter of law that compensable consortium begins at birth and ends at age eighteen is illogical and inconsistent with common sense and experience.'
The Rolf court particularly noted that despite the dicta employed in reaching its decision, it limited its decision to claims raised by adult children for the loss of parental consortium:
 "The primary issue in Gallimore [v. Children's Hosp. Med. Ctr.] was whether Ohio should recognize a cause of action for filial consortium, i.e., an action brought by parents to recover damages arising out of their minor child's injuries. 67 Ohio St.3d 244, 246, [1993-Ohio-205,] 617 N.E.2d 1052, 1053-1054. In recognizing such an action, id. at paragraph one of the syllabus, we then addressed the corresponding cause of action for a minor child's claim of loss of parental consortium. Since the only issue before this court concerns loss of parental consortium, we are limiting our discussion to that issue." Rolf at 381, fn. 1.
Although we might be persuaded by appellant's argument, we find that the Supreme Court of Ohio specifically stopped short of creating a parental consortium claim by the language of the footnote and the specific language of the syllabus cited supra. We find this opinion to be consistent with our opinion in McCartney v. Progressive CasualtyInsurance Company (December 8, 1988), Fairfield App. No. 22-CA-88.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By FARMER, P.J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.