Carroll Dean CLEMENTS, II; Brian Lee Clements; Lena Gayle Booth; Judy Carol Smith; and Gary Wayne Clements, Appellants,

v.

Lucian MOORE, d/b/a 12 Step Trucking; Lucian Moore, Individually; and Carroll L. Husband, Appellees.

No. 1999–CA–000899–MR.

Court of Appeals of Kentucky.

Oct. 27, 2000.

Discretionary Review Denied Oct. 17, 2001.

Hope K. Fitzpatrick, Michael R. Hance, Louisville, KY, for Appellant.

Michael K. Bishop, Todd D. Willard, Bowling Green, KY, for Appellee.

Before BARBER, JOHNSON and SCHRODER, Judges.

## OPINION

JOHNSON, Judge:

The appellants, the surviving adult children of Carroll D. Clements, have appealed from the trial court's order of March 10, 1999, which summarily dismissed their complaint in which they sought to recover damages arising from their father's death. We hold that the appellants' complaint did not state a cause of action allowable in this jurisdiction, and therefore, we affirm.

■ The facts underpinning the appellants' complaint are not in dispute. Carroll D. Clements died on May 27, 1997, as a result of injuries he sustained in a vehicle collision caused by Carroll L. Husband. At the time of the accident, Husband was operating his vehicle while in the course and scope of his employment with the appellees, Lucian Moore and 12 Step Trucking. Carroll Clements was survived by a wife, Pauline Clements, and six children, five of whom were emancipated at the time of the accident.[1] The five adult children of Carroll Clements, filed a lawsuit on May 13, 1998, in which they alleged that their father's death was caused by the negligence of the appellees, and that, as a direct and proximate result of that negligence, they lost "the love, affection, guidance, care, aid, support, comfort, protection and parental consortium of their father."

Among the many defenses in their answer to the complaint, the appellees asserted that the appellants' claims were "not recognized by the courts of the Commonwealth of Kentucky." After obtaining appellants' responses to their request for admissions, the appellees moved the trial court to dismiss the action for failure to state a claim. The trial court granted the motion and this appeal followed.

The appellants argue that this Court should recognize their claim for loss of consortium. They rely, in part, on the case of *Giuliani v. Guiler*,[2] which overruled existing precedent and recognized a minor child's claim for loss of parental consortium when the parent is killed.[3] The children in *Giuliani* were all minors and the opinion does not remotely suggest that our highest court intended the same result with respect to children over the age of eighteen. Indeed, the Supreme Court explicitly confined its holding to minors. "It is the holding of this Court that Kentucky recognizes the claim of minor children for loss of parental consortium."[4] Further, the limited scope of *Giuliani* is evident from its reasoning that a "claim of loss of parental consortium is a reciprocal of the claim of the parents for loss of a child's consortium," and its observation that there is "no legal distinction between the claim of a parent for loss of a child's consortium from the claim of a child for the loss of a parent's consortium."[5] The

1. According to the appellants' brief, Pauline Clements filed a separate wrongful death action as the administrator of her husband's estate against the appellees, and a claim on behalf of their minor child for loss of consortium as the child's parent and next friend, which claims were settled prior to a trial.

2. Ky., 951 S.W.2d 318 (1997).

3. In *Lambert, Adm'x of the Estate of Lambert v. Franklin Real Estate Co.*, 1998–CA–000276–

MR, Ky.App. 37 S.W.3d 770 (rendered Feb. 18, 2000, motion for discretionary review pending), this Court rejected the argument that *Giuliani* can be interpreted as recognizing a minor's claim for loss of parental consortium outside the wrongful death context.

4. *Giuliani, supra* at 323.

5. *Id.* at 321 (citing *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981)).

scope of *Giuliani* is further underscored by the Supreme Court's reference to the need to protect "the right of a child to a parent's love, care and protection so as to provide for the complete development of that child." [6]  Clearly, the Court was not addressing concerns relating to adult children or the need to protect the adult child/parent relationship.

While the holding in *Giuliani* was limited to the rights of minor children to recover for their losses upon the wrongful death of a parent, there is no language in that opinion which would necessarily preclude this Court from recognizing the claims of Carroll Clements' adult children.  Thus, the appellants urge this Court to reverse the trial court's dismissal of their case and to recognize that "[a] blanket rule that denies an aggrieved child an opportunity to recover for an injury done to them does not serve justice or the public interest." The appellants contend that a ruling from this Court allowing them to seek redress, despite the fact that they are emancipated, would be the natural and logical extension of *Giuliani*, particularly given the evolution of the common law as described in that opinion.  They also argue that "[t]he adult children of persons wrongfully or negligently killed should [ ] have the same opportunity as their minor counterparts to recover for their loss of love, support, guidance and companionship of a parent."

■  We are not insensitive to the losses experienced by the appellants, losses which are substantially the same as those experienced by their minor sibling.  Further, we do not have any reason to believe that the appellants are any less deserving of compensation than other family members merely because they have reached the status of adults.  Nevertheless, it is the belief of this Court that it is not the proper function of the judiciary to further develop the common law in the area of loss of consortium claims in the context of wrongful death.  Rather, the recognition of filial claims for wrongful death is one exclusively within the purview of the Legislature.[7] Unlike the situation presented in *Giuliani*, there is no "reciprocal" statute to finesse Section 241 of the Kentucky Constitution so as to avoid its clear provisions. While this Court has not hesitated to take an active role in extending the common law of torts when appropriate,[8] we decline the invitation in the case *sub judice* so as not to invade the province of the Legislature, the branch of our government to which our constitution has granted "the [sole] re-

---

6.  *Id.* at 320.

7.  Section 241 of the Kentucky Constitution provides:

Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same.  Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person.  The General Assembly may provide how the recovery shall go and to whom belong;  and until such provision is made, the same shall form part of the personal estate of the deceased person.

8.  This Court's efforts in recognizing new causes of action have been met with mixed success.  *See e.g. Feathers v. State Farm Fire & Cas. Co.,* Ky.App., 667 S.W.2d 693 (1983)(overruled in *Federal Kemper Insurance Co. v. Hornback,* Ky., 711 S.W.2d 844 (1986), but reaffirmed in *Curry v. Fireman's Fund Insurance Co.,* Ky., 784 S.W.2d 176 (1989) (overruling *Kemper*)), which recognized a claim by an insured against his insurance company for the tort of breach of the covenant to act in good faith, and *Monsanto Co. v. Reed,* Ky., 950 S.W.2d 811 (1997), which overruled this Court's recognition of the tort of spoliation, and *Oakley v. Flor–Shin, Inc.,* Ky.App., 964 S.W.2d 438 (1998)(discretionary review not sought), which recognized the tort of negligent hiring.

sponsibility for determining who can recover what damages for the wrongful death of another." [9]

Finally, we have reviewed the foreign cases cited by the appellants, but find nothing in those cases that persuades us that the claims allowed therein for loss of parental consortium are ones that this Court should recognize.[10] Accordingly, the judgment of the Shelby Circuit Court is affirmed.

SCHRODER, Judge, concurs.

BARBER, Judge, dissents and files separate opinion.

BARBER, Judge, dissenting:

I dissent. The appellants' claim is a logical extension of *Giuliani v. Guiler*, Ky., 951 S.W.2d 318 (1997), therefore the majority's holding in the case *sub judice* is no more than a distinction without a difference.

---

**9.** *Giuliani, supra* at 325–326 (Cooper, J., dissenting).

**10.** Indeed, as the appellees contend, many of the foreign cases relied upon by the appellants are simply not germane as none arise in a jurisdiction having a constitutional provision similar to Section 241 of the Kentucky Constitution. Further, some of the cases do not even concern damages for loss of parental consortium when the parent is killed as a result of a third party's negligence. For example, in *Ueland v. Reynolds Metals Co.*, 103 Wash.2d 131, 691 P.2d 190 (1984) (en banc), a case also cited in *Giuliani*, the Court was concerned with the right of minor children to recover for the loss of consortium of a parent tortiously injured, not killed, by a third party. Also, while that case concludes that children need not be minors or dependent on the injured parent to recover, that case holds that the children's claims "must be joined with the parent's underlying claim." *Id.* 691 P.2d at 195. Again, in *Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex.1990), the Court addressed the right of children to recover for loss of parental consortium when a third party causes serious injury to their parent, not the right to recover in the context of a parent's wrongful death. *Audubon–Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Co.*, 335 N.W.2d 148 (Iowa 1983), *Sebastien v. McKay*, 649 So.2d 711 (La.App.1994), and *Frank v. Superior Court of the State of Arizona*, 150 Ariz. 228, 722 P.2d 955 (1986), all involve interpretation of wrongful death statutes and, for that reason, are not particularly helpful in this Court's review of the issue presented.