RENDERED:  DECEMBER 11, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1739-MR

CAMERON R. STONE, BY NEXT
FRIEND AND CO-CONSERVATOR,
REGINA RAMAGE; AND
REGINA RAMAGE, IN HER
INDIVIDUAL CAPACITY                                         APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 18-CI-006277

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; KRAMER AND MCNEILL, JUDGES.

CLAYTON, CHIEF JUDGE:  This appeal is brought from a Jefferson Circuit

Court order granting summary judgment to Kentucky Farm Bureau Mutual

Insurance Company ("KFB").  The appellants are the mother and the minor son of

a woman who was killed in a car accident. They seek to recover loss of consortium damages under the underinsured motorist ("UIM") provisions of a KFB automobile insurance policy, although the decedent's claims are expressly excluded under the terms of the policy. The circuit court dismissed the mother's claim as a matter of law because Kentucky does not recognize a claim for loss of consortium for an adult child. It further held that the son's loss of consortium claim is excluded from coverage because it is derivative of the excluded primary wrongful death claim. Having reviewed the record and the applicable law, we affirm.

MaKaela Franklin was twenty-six years of age when she was killed in a head-on collision with a vehicle driven by Kaysie Yaw. At the time of the accident, she resided in the same household as her minor son, Cameron Stone, and her mother, Regina Ramage. Several months before the accident, KFB issued a renewal of an automobile insurance policy ("Policy") to Regina and Darrell Ramage.

The UIM provision of the Policy provides in relevant part as follows:

**PART C/1 – UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**
A. We will pay compensatory damages which an *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of *bodily injury*:

1. Sustained by an *insured*; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *underinsured motor vehicle*.

B. **Insured** as used in this Coverage Part C/1 – Underinsured Motorists Coverage means:

1. You or any *family member*.
2. Any other person *while occupying your covered auto*.
3. Any person for damages that person is entitled to recover because of *bodily injury* to which this coverage applies sustained by a person described in B.1. or B.2. above.

"Family member" is defined elsewhere in the Policy as "a person related to you by blood, marriage or adoption who is a resident of your household."

The Policy also contains several exclusions of UIM coverage, including the following which is pertinent to this case:

A. We do not provide Underinsured Motorists Coverage for *bodily injury* sustained by any *insured*:

1. While *occupying*, or when struck by, any motor vehicle or *trailer* of any type owned by you or any *family member* for which the security required by the Kentucky Motor Vehicle Reparations Act is not in effect.

In the fatal accident, Franklin was driving an uninsured vehicle titled in her own name.

Following Franklin's death, Regina Ramage was appointed administratrix of her estate and the co-conservator of her son, Ramage's grandson.

The estate and Stone settled for policy limits with Yaw's insurer. Stone and Ramage, as his next friend and co-conservator, and in her individual capacity, thereafter filed a lawsuit against KFB in Jefferson Circuit Court. According to the complaint, the settlement with Yaw's insurer was insufficient to compensate the plaintiffs for the loss of Franklin's consortium, and they sought to recover damages under the UIM provisions of the Ramages' KFB Policy.

Following written discovery, KFB moved for summary judgment. The circuit court granted the motion, holding that Regina's UIM claim could not be sustained because loss of consortium for the death of an adult child is not recognized in Kentucky. It further held that claims for Franklin's wrongful death were clearly excluded from the Policy's UIM coverage because she was operating an uninsured motor vehicle, a violation of the security required by the Kentucky Motor Vehicle Reparations Act ("MVRA"). The court concluded that Stone's claim for loss of consortium was also excluded from coverage under the Policy because it derived from Franklin's injury. This appeal followed.

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rules of Civil Procedure ("CR") 56.03).

- 4 -

The appellants argue that the circuit court's dismissal of Ramage's claim on the grounds that Kentucky does not permit recovery for the loss of consortium of an adult child should be reconsidered on equitable and public policy grounds. They contend there is no rational basis for the distinction between the losses suffered by the parent of a deceased adult child as opposed to a minor child.

In Kentucky, the claim for loss of consortium for the death of a minor child is expressly created by statute. Kentucky Revised Statutes ("KRS") 411.135 provides that "[i]n a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action." In *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997), the Kentucky Supreme Court recognized reciprocal claims of minor children for the loss of parental consortium. *Id.* at 323.

The Court subsequently refused, however, to recognize a cause of action for loss of parental consortium brought by emancipated adult children. *Clements v. Moore*, 55 S.W.3d 838 (Ky. App. 2000). The Court explained its decision as follows:

> We are not insensitive to the losses experienced by the appellants [adult children of a deceased parent], losses which are substantially the same as those experienced by their minor sibling. Further, we do not

- 5 -

have any reason to believe that the appellants are any less deserving of compensation than other family members merely because they have reached the status of adults. Nevertheless, it is the belief of this Court that it is not the proper function of the judiciary to further develop the common law in the area of loss of consortium claims in the context of wrongful death. Rather, the recognition of filial claims for wrongful death is one exclusively within the purview of the Legislature. . . . While this Court has not hesitated to take an active role in extending the common law of torts when appropriate, we decline the invitation in the case *sub judice* so as not to invade the province of the Legislature, the branch of our government to which our constitution has granted the [sole] responsibility for determining who can recover what damages for the wrongful death of another.

*Id.* at 840-41 (internal quotation marks and footnotes omitted).

In light of this clear refusal by the Kentucky Supreme Court to create a loss of consortium claim for adult children, and in the absence of a statutorily-created claim, we must affirm the circuit court's dismissal of Ramage's reciprocal claim as the parent of a deceased adult child. Such a claim is not recognized in Kentucky and we are not empowered to create one. Whatever the merits of the appellants' arguments, "as an intermediate appellate court, this Court is bound by established precedents of the Kentucky Supreme Court. SCR[1] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor Court." *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000).

---

[1] Rules of the Supreme Court.

- 6 -

We turn now to consider whether Stone's claim for loss of parental consortium is excluded from the UIM coverage of the Policy.

The interpretation of an insurance contract is a matter of law to be reviewed *de novo*, giving no deference to the trial court. *Davis v. Kentucky Farm Bureau Mutual Ins. Co.*, 495 S.W.3d 159, 161 (Ky. App. 2016); *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). When an insurance contract is ambiguous, it "is to be construed against the drafter, and so as to effectuate the policy of indemnity." *Bituminous Cas. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633, 638 (Ky. 2007), *as modified on denial of reh'g* (Jan. 24, 2008).

Specifically, in regard to UIM exclusions, the Kentucky Supreme Court has held that "there is nothing either in the MVRA or our public policy prohibiting enforcement of exclusion of UIM coverage in certain scenarios. The reasonable expectations of coverage are satisfied so long as the plain meanings of the terms of the underlying policies are clear and unambiguous." *Philadelphia Indemnity Ins. Co., Inc. v. Tryon*, 502 S.W.3d 585, 592 (Ky. 2016).

For purposes of the motion for summary judgment, KFB conceded that Franklin and Stone were residents of Ramage's household at the time of the fatal accident and therefore met the definition of "insureds" under the Policy. The appellants argue Stone is entitled to UIM coverage under the plain language of Part

C/1 (A.) of the Policy as an "insured" who "is legally entitled" to recover loss of consortium damages "because of bodily injury . . . [s]ustained by an insured[,]" namely Franklin. Because Stone was not occupying Franklin's uninsured vehicle at the time of her fatal injury, the appellants contend he is not subject to the UIM exclusion. Had KFB wished to exclude loss of consortium claims from UIM coverage, the appellants contend the Policy should have included express provisions to that effect.

KFB contends that the appellants' argument is not adequately preserved in the record before the circuit court or in the appellants' prehearing statement. In their response to KFB's motion for summary judgment, the appellants relied on *Hoskins v. Kentucky Farm Bureau Mutual Insurance Company*, No. 2011-CA-001454-MR, 2012 WL 4841094 (Ky. App. Oct. 12, 2012), an unpublished Opinion which we shall discuss more fully below, to argue that the Policy does not specify that the underlying bodily injury from which the loss of consortium claim is derived must be one that is covered by the terms of the Policy. The appellants also cited *Hoskins* in their prehearing statement. These references by the appellants to *Hoskins* are sufficient to preserve these arguments for review, particularly as we are applying a *de novo* standard of review which affords no "deference to the interpretation afforded by the circuit court." *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

Two unpublished Opinions of this Court have construed provisions of insurance contracts virtually identical to the one before us and arrived at conflicting conclusions regarding loss of consortium claims. In the Opinion relied upon by the appellants, *Hoskins*,[2] a husband and wife were named insureds under an automobile policy containing an identical UIM clause to the Policy at issue in this case. The specific exclusion at issue in *Hoskins* was for bodily injury sustained by an insured while occupying or operating a motorcycle. After the husband was seriously injured while riding his motorcycle, the wife sought to recover for loss of consortium damages. She contended the plain language of the insurance policy unambiguously provided UIM coverage for her claim, since the phrase "because of bodily injury" in the general UIM clause encompassed her claim, as distinguished from the "for bodily injury" language in the motorcycle exclusion clause that barred her husband's claim. The insurance company argued

---

[2] The fact that *Hoskins* was affirmed by the Kentucky Supreme Court does not, as the appellants suggest, endow it with greater precedential authority than any other unpublished Opinion. After the Kentucky Supreme Court granted discretionary review of *Hoskins*, the Opinion was de-published by operation of CR 76.28(4)(a). The Kentucky Supreme Court subsequently entered an order indicating that, due to the recusal of one of the justices, the vote of the six remaining members of the Court on the case was equally divided. Pursuant to SCR 1.020, the Opinion of the Court of Appeals was affirmed and ordered not to be published. In *Estate of Wittich By and Through Wittich v. Flick*, 519 S.W.3d 774 (Ky. 2017), the Kentucky Supreme Court ruled that an Opinion with an identical procedural history "properly falls within the type of publication status which makes it merely persuasive authority[,]" in reliance on CR 76.28(4)(c), which states: "Opinions that are not to be published shall not be cited *or used as binding precedent* in any other case in any court of this state . . ." and "unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for *consideration* by the court if there is no published opinion that would adequately address the issue before the court." *Wittich*, 519 S.W.3d at 779 (emphasis in original).

that the loss of consortium claim was derivative or based upon the husband's bodily injury for purposes of the insurance policy exclusions and because the wife's claim was based on an excluded injury, it was not covered under the policy. The Court of Appeals, in a 2-1 decision, ruled in the wife's favor because the plain language of the policy failed to specify that the underlying bodily injury from which the loss of consortium claim was derived must be one that is covered under the terms of the policy. *Hoskins*, slip op. at 5-6.

Several years later, in *Kentucky Farm Bureau Mutual Insurance Company v. Armfield*, No. 2014-CA-001559-MR, 2016 WL 748388 (Ky. App. Feb. 26, 2016), a different panel of this Court, also in a 2-1 decision, construed identical insurance policy language and arrived at the opposite conclusion. In *Armfield*, the UIM claims of a husband and wife who were injured while riding together on a motorcycle were barred by a motorcycle exclusion, but they filed loss of spousal consortium claims for each other. The *Armfield* majority took an unfavorable view of this tactic, characterizing the couple's claims as attempting an end run around the exclusion from coverage of their non-covered, non-compensable bodily injuries. The Opinion held that they were not entitled to recover because a spouse's claim for loss of consortium is not a separate injury but is derivative of the injured spouse's personal injury claim and is entirely dependent on the success of the underlying injury claim. "Loss of consortium is a wholly

derivative claim that merely provides access to an additional category of damages if a defendant's liability can be established under another legal theory." *Id.* at *3 (citation omitted). "If no liability attaches for the injured plaintiff's personal injury claim, the plaintiff-spouse's claim for loss of consortium should be dismissed." *Id.* at *2.

We have considered *Hoskins* and *Armfield*, as well as the arguments of the parties, in arriving at our decision in this case. We recognize that the *Armfield* Opinion conflates the right to recover from a tortfeasor in legal proceedings with the right to recover under the insurance contract. As the appellants argue, the fact that loss of consortium is derivative of bodily injury under the common law does not alter the language of the Policy which purports to pay compensatory damages which an insured is "legally entitled to recover." In their view, Stone's right to recover for loss of consortium exists independently of Franklin's right to recover under the Policy.

On the other hand, our courts have reiterated that insurance contracts must be given a reasonable interpretation. "While ambiguous terms [in the insurance contract] are to be construed against the drafter and in favor of the insured, we must also give the policy a reasonable interpretation, and there is no requirement that every doubt be resolved against the insurer. . . . [T]he terms should be interpreted in light of the usage and understanding of the average

person." *American Commerce Ins. Co. v. Brown*, 168 S.W.3d 386, 388 (Ky. App. 2004) (emphasis and citation omitted). Under the doctrine of reasonable expectations, when an ambiguity exists in an insurance contract, "ambiguous terms should be interpreted in favor of the insured's reasonable expectations." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003), *as amended* (Apr. 2, 2003) (internal quotation marks and citation omitted).

An insured could reasonably expect that her claim for UIM coverage, and the derivative claim of her minor child for loss of consortium, would be excluded if they were injured in an uninsured vehicle. What is not reasonable is the expectation that the minor child's loss of consortium claim would, however, be covered if he was not present in the vehicle. Under this interpretation, KFB would be required to compensate Stone "for a risk which was not contemplated and for which no compensation was paid." *Huelsman v. National Emblem Ins. Co.*, 551 S.W.2d 579, 581 (Ky. App. 1977).

"A basic rule of contract interpretation requires that preference be given to the 'interpretation which gives a reasonable, lawful, and effective meaning to all the terms' over a reading 'which leaves a part unreasonable, unlawful, or of no effect.'" *Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Trust Fund*, 559 S.W.3d 354, 363 (Ky. 2018) (quoting *L.K. Comstock & Co., Inc. v. Becon Const. Co.*, 932 F.Supp. 948, 967 (E.D. Ky.

- 12 -

1994)).  Stone would not have a loss of consortium claim but for his mother's claim, which is expressly excluded by the Policy.  An interpretation of the Policy which gives a reasonable meaning to all its provisions supports the circuit court's holding that his derivative claim is excluded from UIM coverage.

Finally, we address the appellants' argument that the language of the UIM exclusion referring to "the security required by the Kentucky Motor Vehicle Reparations Act" is ambiguous and unclear.  The appellants did not raise this argument before the circuit court.  The circuit court found the exclusion was enforceable and served to exclude Franklin from UIM coverage under the Policy because she was driving an uninsured vehicle which did not meet the security requirements of the MVRA.  The circuit court's analysis is well-founded and will not be disturbed on appeal.

For the foregoing reasons, the memorandum and order of the Jefferson Circuit Court granting KFB's motion for summary judgment is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

David V. Oakes
Andrew K. AsBridge
Paducah, Kentucky

Kevin C. Burke
Jamie K. Neal
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael E. Krauser
Louisville, Kentucky