Wayne E. NELSON, Conservator
of the Estate of Reuben E.
Nelson, Appellant,

v.

FOUR SEASONS NURSING
CENTER, Appellee.

No. 86955.

Court of Appeals of Oklahoma,
Division No. 4.

July 30, 1996.

Rehearing Denied Aug. 27, 1996.

Certiorari Dismissed Feb. 18, 1997.

Mary L. Lohrke, Teresa Meinders Burkett, Boone, Smith, Davis, Hurst & Dickman, Tulsa, for Appellant.

Russell L. Hendrickson, E. Marissa Lane, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, Kevin T. Gassaway, Tulsa, for Appellee.

REIF, Judge

This appeal arises from a suit by Wayne Nelson seeking damages from Four Seasons Nursing Center for the disappearance of his father while in the care of the nursing home. Nelson sued as conservator of his father's estate and in his own right. The trial court granted summary judgment in favor of Four Seasons on Nelson's personal claims for loss of parental consortium and negligent infliction of emotional distress. The trial court certified the disposition of these claims for appeal. Upon review, we affirm the summary judgment on the claim for negligent infliction of emotional distress under *Slaton v. Vansickle*, 872 P.2d 929 (Okla.1994), but reverse the summary judgment on the loss of parental consortium claim. We hold that extending a claim for loss of parental consortium to an *adult* child is consistent with the rationale of *Williams v. Hook*, 804 P.2d 1131 (Okla.1991), and squarely supported by the case authority from other jurisdictions that is cited approvingly in *Williams*.

*Howard Frank, M.D., P.C. v. Superior Court*, 150 Ariz. 228, 722 P.2d 955 (1986), recognized that parents have a cause of action for loss of consortium against a third party who permanently injures their *adult* child. The *Frank* opinion pointed out that parents "continue to enjoy a legitimate and protectible expectation of consortium beyond majority arising from the very bonds of the family relationship." *Id.* 722 P.2d at 960. Noting that the wrongful death statute did not distinguish recovery for loss of consortium between minor and adult children, the Arizona Supreme Court likewise refused to limit loss of consortium in severe injury cases to cases involving minors. The court stated,

"loss of consortium is a compensable harm, and we see no basis for limiting this action solely to cases of wrongful death [and] no reason for limiting the class of plaintiffs to parents of minor children when the parents of adult children may suffer equal or greater harm." *Id.* at 961.

Relying heavily on the parental right to recover for loss of consortium, as recognized in *Frank,* the Arizona Supreme Court overruled prior precedent denying a child's right to recover for loss of consortium arising from injury to the parent and took the next logical step by extending this right to children. *Villareal v. State Dept. of Transportation,* 160 Ariz. 474, 774 P.2d 213, 216 (1989). The court stated that "[s]ubject to the limitations set forth ... children may recover for loss of consortium when a third party causes serious, permanent, and disabling injury to their parent." *Id.* In a detailed discussion of the cause of action, *the court did not limit recovery to minor children.* Significantly, one of the cases cited in support of the holdings in *Villareal* and *Frank,* was *Ueland v. Reynolds Metals Co.,* 103 Wash.2d 131, 691 P.2d 190, 195 (1984), allowing both adult and minor children to recover for loss of parental consortium. The age of the child is only relevant as a factor in fixing damages.

> A defendant in a consortium case is liable to the child because the defendant injured the child's parent and thereby damaged the parent-child relationship.

*Villareal,* 774 P.2d at 220. Although the Arizona courts were concerned with cases of "serious, permanent, disabling injur[ies] rendering the parent unable to provide love, care, companionship, and guidance to the child," the gravamen is that "the parent-child relationship is destroyed or nearly destroyed" by the tort of the defendant. *Villareal, id.* at 219 (footnote omitted). The focus is upon the degree to which "the quality of consortium is negatively affected." *Frank,* 722 P.2d at 957. The Oklahoma Supreme Court similarly recognizes a right to recover for loss of consortium "when for all practical purposes the parent is in a state which equates death." *Williams,* 804 P.2d at 1136.

As pointed out in *Williams,* Oklahoma's wrongful death statute expressly allows recovery for the "loss of companionship of the children and parents of the decedent." 12 O.S.1991 § 1053(a). Additionally, the right to recover for "loss of companionship and ... destruction of the parent-child relationship" has been held to be a "personal right." *Gaither by and through Chalfin v. City of Tulsa,* 664 P.2d 1026, 1028 (Okla.1983). Significantly, recovery for loss of companionship in the parent-adult child situation received special consideration in *Matter of Estate of Lovely,* 848 P.2d 51, 54 (Okla.Ct.App.1993). The court of appeals affirmed the trial court's fifty/fifty apportionment of a settlement to the divorced parents of the *29–year–old* decedent for their grief and loss of companionship. The court rejected mother's argument that she should have received a larger share of the settlement due to father's neglect of decedent during his minority. The court held that the trial court "was free to conclude the evidence of [father's] non-payment of child support and infrequent visits with Decedent during the latter's minority should be given less weight than evidence of *the quality of the father-son relationship during the years immediately preceding Decedent's death."* (Emphasis added.)

There is simply no good reason to afford the personal right of companionship and the parent-child relationship less protection in cases involving adult children who seek to recover for injury to the parent-child relationship. In cases where the parent-child relationship is destroyed or nearly destroyed by the tort of the defendant, the affected children, both minors and adults alike, should be allowed to maintain a cause of action for loss of parental consortium.

In the instant case, the summary judgment record reveals that defendant nursing home had a duty to keep and care for Nelson's father on its premises. The record also shows that nursing home's breach of this duty resulted in the disappearance of Nelson's father and the loss of consortium with his father. Accordingly, the summary judgment in favor of defendant Four Seasons Nursing Center on Wayne Nelson's claim for loss of parental consortium is reversed and this matter remanded for further proceedings thereon.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., and RAPP, C.J., concur.