**Carolyn M. SMITH; Carla R. Sullivan; and Clifton T. Cathey, Appellants,**

v.

**Mireille L. VILVARAJAH, M.D.; Earl Williams, M.D.; American Home Products Corporation; Wyeth–Ayerst Laboratories, a Division of American Home Products Corporation; A.H. Robins Company, Inc.; A.H. Robins Company, Incorporated; Eon Labs, Inc.; and Eon Labs Manufacturing, Inc., Appellees.**

**No. 1999–CA–002282–MR.**

Court of Appeals of Kentucky.

Nov. 17, 2000.

Discretionary Review Denied Nov. 14, 2001.

Philip N. Elbert, Kendra E. Samson, Neal & Harwell, P.L.C., Nashville, TN, for Appellants.

Laura M. Hagan, Thomas N. Kerrick, Kerrick, Grise & Stivers, Scott Laufenberg, Bowling Green, for Appellee Mireille L. Vilvarajah, M.D.

Frank Hampton Moore, Jr., Stefan Richard Hughes, Cole, Moore & Baker, Bowling Green, for Appellee Earl B. Williams, M.D.

William D. Grubbs, Jann B. Logsdon, David T. Schaefer, Tera M. Rehmel, Woodward, Hobson & Fulton, L.L.P., Louisville, for Appellees American Home Products Corp and Wyeth–Ayerst Laboratories.

Larry C. Deener, Alex L. Scutchfield, Landrum & Shouse, Lexington, for Appellees Eon Labs, Inc., and Eon Labs Manufacturing, Inc.

Before COMBS, JOHNSON, and KNOPF, Judges.

### OPINION

KNOPF, Judge:

This is an appeal from a judgment by the Simpson Circuit Court dismissing a complaint seeking recovery for loss of parental consortium. We agree with the trial court that Kentucky does not recognize a cause of action for loss of parental consortium brought by emancipated adult children of the decedent. Hence, we affirm.

The underlying facts of this action are not in dispute. Linda K. Cathey died on May 15, 1998. Subsequently, her estate brought a separate wrongful death action, alleging that Cathey died as a result of her ingestion of the medications fenfluramine and phentermine (commonly referred to in combination as "fenphen").[1]

---

1. *Carla R. Sullivan, personal representative of* *the estate of Linda Cathey, deceased v. Mireille*

According to the complaint, the medications were prescribed by Mireille L. Vilvarajah, M.D., and Earl Williams, M.D.; the fenfluramine was manufactured, marketed, and distributed by American Home Products Corporation, Wyeth–Ayerst Laboratories, a division of American Home Products Corporation, and A.H. Robins Company, Inc.; and the phentermine was manufactured, marketed, and distributed by Eon Labs, Inc., and Eon Labs Manufacturing, Inc. (Collectively, the appellees). The record does not disclose the disposition of the wrongful death action.

On May 14, 1999, the appellants, Carolyn M. Smith, Carla R. Sullivan, and Clifton T. Cathey, brought this action against the appellees in Simpson Circuit Court. The appellants are the adult children of Linda K. Cathey. The appellants sought to recover damages from the appellees arising out of the loss of their mother's consortium. The appellees filed a motion to dismiss pursuant to CR 12.02, arguing that Kentucky does not recognize a claim for loss of parental consortium brought by adult children. The trial court agreed with the appellees, and dismissed the appellants' claim. This appeal followed.

In *Giuliani v. Guiler*, Ky., 951 S.W.2d 318 (1997), the Kentucky Supreme Court recognized loss of parental consortium claims by minor children. The Court further held that recovery under a wrongful death claim is generally limited to economic loss, and explained that loss of consortium is a wholly separate cause of action from wrongful death. *Id.* at 322. The appellants contend that this Court should take the next step and recognize a claim for loss of parental consortium on behalf of adult children.

■ The appellees first respond that such a step is beyond the authority of the Court of Appeals. They assert that the decision in *Giuliani v. Guiler* precludes this Court from considering whether Kentucky recognizes a claim for loss of parental consortium by adult children. We do not agree. Of course, as an intermediate appellate court, this Court is bound by established precedents of the Kentucky Supreme Court. SCR 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor court. *Special Fund v. Francis*, Ky., 708 S.W.2d 641, 642 (1986). However, this rule does not prevent an intermediate appellate court from considering the viability of a cause of action where the issue has not been definitively resolved by the Supreme Court. *See Oakley v. Flor–Shin, Inc.*, Ky.App., 964 S.W.2d 438 (1998).

■ In *Giuliani v. Guiler*, *supra*, the Kentucky Supreme Court recognized loss of parental consortium claims by minor children. The appellees contend that the *Giuliani* court considered and rejected the possibility of extending the new cause of action for loss of parental consortium to adult children. However, nothing in the *Giuliani* opinion addresses that issue, and that matter was not before the Court. Courts are not authorized to give advisory opinions on issues unless there is an actual case in controversy. *Philpot v. Patton*, Ky., 837 S.W.2d 491, 493 (1992). Therefore, we find that the Supreme Court's holding was limited to the issue before it. Since *Giuliani v. Guiler* is silent regarding the viability of claims for loss of parental consortium brought by adult children and there is no other controlling Kentucky authority, we find that this Court is authorized to consider the matter as an issue of first impression.

*Lalanne Vilvarajah, M.D., et al.*, No. 97–CI– 00280 (Simpson Circuit Court).

However, we recognize that the Supreme Court's opinion in *Giuliani v. Guiler, supra,* set forth specific policy reasons for recognizing the claim. This Court should attempt to stay within those established parameters. The Supreme Court first noted the statutory policy of the Commonwealth to protect and care for children in a nurturing home. KRS 600.010. Clearly, this interest would not be served by extending a claim for loss of parental consortium to emancipated adult children. In addition, the Supreme Court also noted that KRS 411.135 recognizes the individuality of the child and the value to a family by providing parents a consortium claim for the loss of the love and affection of their minor child. *Id.,* 951 S.W.2d at 319. In this case, there is no reciprocity interest because Kentucky statutes do not recognize a parent's claim for loss of consortium with their adult children.

Nevertheless, the appellants urge that recognition of their claim for loss of parental consortium is the next logical step from *Giuliani v. Guiler.* The appellants rely heavily upon *Frank v. Superior Court,* 150 Ariz. 228, 722 P.2d 955 (1986), in which Arizona recognized that parents may have a claim for loss of consortium arising out of negligent injury to or wrongful death of their adult children. The Arizona Supreme Court rejected as archaic the notion that consortium claims arise out of the common-law notion that parents are entitled to the pecuniary services of their child until the age of majority. Rather, the Arizona court reasoned:

> It is irrelevant that parents are not entitled to the services of their adult children; they continue to enjoy a legitimate and protectible *[sic]* expectation of consortium beyond majority arising from the very bonds of the family relationship. Surely nature recoils from the suggestion that the society, companionship and love which compose filial consortium automatically fade upon emancipation; while common sense and experience teach that the elements of consortium can never be commanded against a child's will at any age. The filial relationship, admittedly intangible, is ill-defined by reference to the ages of the parties and ill-served by arbitrary age distinctions. Some filial relationships will be blessed with mutual caring and love from infancy through death while others will always be bereft of those qualities. Therefore, to suggest as a matter of law that compensable consortium begins at birth and ends at age eighteen is illogical and inconsistent with common sense and experience. Human relationships cannot and should not be so neatly boxed. "The law does not fly in the face of nature, but rather acts in harmony with it." *Harper v. Tipple,* 21 Ariz. 41, 44, 184 P. 1005, 1006 (1919) (citation omitted).

*Frank,* 722 P.2d at 960.

However, the Arizona Supreme Court also went on to discuss that Arizona's wrongful death statute does not distinguish between minor and adult children. *Id.* Similarly, several states which recognize either that a parent has a cause of action for loss of an adult child's consortium or that an adult child has a cause of action for loss of his or her parent's consortium do so based in part upon specific statutory authorization. Some other states recognizing the claim do so based upon the absence of any statutory limitation of the consortium claims to minors.[2]

---

2. *See Jordan v. Baptist Three Rivers Hospital,* 984 S.W.2d 593, 601 (Tenn.1999), holding that Tennessee's wrongful death statute does not preclude either a minor child or an adult child from seeking compensation for loss of parental consortium; *Nelson v. Four Seasons*

As previously noted KRS 411.135 explicitly provides:

> In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action.

In contrast to the holdings in Arizona and other states, the Supreme Court of Wisconsin noted that a minor is one whose relationship is most likely to be severely affected by a negligent injury to a parent. *Theama v. City of Kenosha*, 117 Wis.2d 508, 344 N.W.2d 513 (1984):

> Furthermore, while an adult is capable of seeking out new relationships in an attempt to fill in the void of his or her loss, a child may be virtually helpless in seeking out a new adult companion. Therefore, compensation through the courts may be the child's only method of reducing his or her deprivation of the parent's society and companionship. *See,* [Note, *The Child's Right to Sue for Loss of a Parent's Love, Care and Companionship Caused by Tortious Injury to the Parent,* 56 B.U.L.Rev. 722, 742 (1976)].

*Id.* at 516, 344 N.W.2d at 516.

We certainly do not wish to diminish or disparage the close bond which many adult children maintain with their parents. However, contrary to the reasoning of the appellants and the reasoning of the Arizona Supreme Court in *Frank v. Superior Court, supra,* there is a legitimate basis for limiting recovery for loss of parental consortium to minor or unemancipated children. *See also Belcher v.. Goins,* 184 W.Va. 395, 400 S.E.2d 830 (1990), in which West Virginia recognized that a minor or dependent child may have a claim for loss of parental consortium in a non-fatal injury case, but declined to extend the claim to a non-dependent adult child; *Mendillo v. Board of Education of the Town of East Haddam,* 246 Conn. 456, 717 A.2d 1177 (1998), *Pence v. Fox,* 248 Mont. 521, 813 P.2d 429 (1991), *Nulle v. Gillette–Campbell County Joint Powers Fire Board,* 797 P.2d 1171 (Wyo.1990); *Hibpshman v. Prudhoe Bay Supply, Inc.,* 734 P.2d 991 (Alaska 1987); and *Hay v. Medical Center Hospital of Vermont,* 145 Vt. 533, 496 A.2d 939 (1985), which each limited common law loss of parental consortium claim to minors;

Nursing Center, 934 P.2d 1104 (Okla.App. 1996), holding that Oklahoma's wrongful death statute expressly allows recovery for the "loss of companionship of the children and parents of the decedent" without regard to the age of the claimant. *Id.* at 1105; *Sebastien v. McKay,* 649 So.2d 711 (La.Ct.App. 1994), holding that while claims for loss of consortium are usually made by minor children, Louisiana statutes offer relief without regard to the majority or minority of the party aggrieved; *Masaki v. General Motors Corp.,* 71 Haw. 1, 780 P.2d 566 (1989), holding that Hawaii's wrongful death statute recognized a parent's cause of action for loss of an adult child's consortium; and *Audubon–Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Co.,* 335 N.W.2d 148 (Iowa 1983), did not rely on any statutory language, but concluded that the Iowa wrongful death statute

did not limit a child's claim for loss of a parent's consortium to the period of the child's minority. *Overruling Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981). The courts in *Reagan v. Vaughn,* 804 S.W.2d 463 (Tex. 1990), and *Ueland v. Reynolds Metals Co.,* 103 Wash.2d 131, 691 P.2d 190 (1984), recognized common law claims for loss of parental consortium by a minor child in negligent injury cases, and then gratuitously extended the cause of action to adult children. *But see Mealey v. Marella,* 328 N.J.Super. 129, 744 A.2d 1226 (1999), in which recently a New Jersey appellate court recognized a common law cause of action under which parents could claim loss of consortium caused by negligent injury to an adult child. Yet more recently, *Mealey* was overruled in part by *Tynan v. Curzi,* 332 N.J.Super. 267, 753 A.2d 187 (2000).

and *Ferriter v. Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 413 N.E.2d 690 (1980), holding that "children have a viable claim for loss of parental society if they can show that they are minors dependent on the parent.... This dependence must be rooted not only in economic requirements, but also in filial needs for closeness, guidance, and nurture." *Id.* at 516, 413 N.E.2d at 696.

█ After considering the Supreme Court's decision in *Giuliani v. Guiler, supra*, the express language of KRS 411.135 and the authority from other jurisdictions, we decline to extend the claim for loss of parental consortium to emancipated adult children such as the appellants. We conclude that any such step must be taken either by the legislature or by our Supreme Court. Consequently, the trial court acted properly in dismissing the appellant's complaint.

Accordingly, the judgment of the Simpson Circuit Court is affirmed.

JOHNSON, J., concurs and files separate opinion.

COMBS, J., dissents by separate opinion.

JOHNSON, Judge, concurring:

I concur with the Majority Opinion, but choose to write separately to express my reasoning. In the interest of brevity, I adopt my reasoning from the Majority Opinion in the case of *Clements v. Moore*, 1999–CA–000899–MR, 55 S.W.3d 838, rendered October 27, 2000.

COMBS, Judge, dissenting:

I dissent from the majority opinion as I believe that loss of consortium of an adult child is a logical and proper extension of the reasoning of *Giuliani v. Guiler*, Ky., 951 S.W.2d 318 (1997). Loss of financial support needed by dependent children was not the only factor considered in *Giuliani*. The deprivation of love, companionship, and affection was certainly a major component of the loss of consortium claim weighed in that case. That loss is in no way mitigated by the fact that a child has attained the age of majority. Indeed, the bond of love established over a lifetime of association is only enhanced by the passing of time, rendering the loss perhaps even more painful.

I would recognize this natural extrapolation of *Giuliani* and hold a claim for loss of a parent's consortium by an adult child to be a cognizable cause of action in Kentucky.