[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 380.]

ROLF ET AL. *v*. TRI STATE MOTOR TRANSIT COMPANY ET AL.

[Cite as *Rolf v. Tri State Motor Transit Co*., 2001-Ohio-44.]

*Torts—Emancipated children seek to recover damages for the loss of consortium they suffered as a result of injuries to their father—Adult emancipated children may recover for loss of parental consortium.*

(No. 00-1329—Submitted January 31, 2001—Decided April 25, 2001.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Certifying a Question of State Law, No 3:99CV7687.

_____

SYLLABUS OF THE COURT

Adult emancipated children may recover for loss of parental consortium.

_____

FRANCIS E. SWEENEY, SR., J.

{¶ 1} This matter is before us as a certified question of state law from the United States District Court, Northern District, Western Division. In its certification order the federal district court states:

"Kenneth Martin, father of plaintiffs Bonnie L. Rolf and David Martin (both emancipated adults living apart from their parents), was seriously and permanently injured on October 8, 1996, in Allen County, Ohio, when his vehicle was struck from behind by a semi-trailer truck being operated by Dallas K. Pelcher, in the course and scope of his employment for the defendant Tri State Motor Transit Company. As a result of the accident, Kenneth Martin's cognitive functions and ability to control basic bodily functions have been seriously impaired. For the rest of his life he will require convalescent care and continuing medical treatment.

"* * *

"Plaintiffs Bonnie L. Rolf and David Martin filed the instant proceeding in the certifying Court on November 8, 1999. Plaintiffs seek to recover damages for the loss of consortium that they have suffered as a result of the injuries to their father."

{¶ 2} Pursuant to S.Ct.Prac.R. XVIII, the federal district court has certified the following question of law to this court for our determination:

"Can emancipated adult children maintain a claim under Ohio law for the loss of consortium caused by injuries to a parent?"

{¶ 3} For the reasons that follow, we answer the certified question in the affirmative.

{¶ 4} This court has previously recognized a minor child's cause of action for loss of parental consortium. *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph two of the syllabus. We are now asked to extend the holding of *Gallimore* to allow adult children to pursue a similar cause of action for parental loss of consortium.

{¶ 5} The rationale advanced in favor of recognizing a minor child's loss-of-parental-consortium claim in *Gallimore* was taken, in large part, from Justice Resnick's dissenting opinion in *High v. Howard* (1992), 64 Ohio St.3d 82, 86-96, 592 N.E.2d 818, 821-827, a decision that *Gallimore* overruled.[1] These policy arguments can be summarized as follows: (1) since a minor child can recover similar damages under the wrongful death statute, R.C. 2125.02, when a parent dies, he or she should also be allowed to recover for loss of parental consortium when a parent is injured but not killed; (2) since Ohio already recognizes spousal

---

1. The primary issue in *Gallimore* was whether Ohio should recognize a cause of action for filial consortium, *i.e.*, an action brought by parents to recover damages arising out of their minor child's injuries. 67 Ohio St.3d 244, 246, 617 N.E.2d 1052, 1053-1054. In recognizing such an action, *id.* at paragraph one of the syllabus, we then addressed the corresponding cause of action for a minor child's claim of loss of parental consortium. Since the only issue before this court concerns loss of parental consortium, we are limiting our discussion to that issue.

and filial consortium claims, it should likewise recognize a minor's loss-of-parental-consortium claim since the claimant's loss consists of many of the same elements in each type of consortium claim, including the loss of love, affection, and companionship. Therefore, to deny a loss-of-parental-consortium claim would relegate the parent-child relationship to second-class status behind spousal consortium claims or filial consortium claims; and (3) a minor child should be allowed to recover for loss of parental consortium because the child suffers a very real and debilitating loss when a parent is injured and deserves to be compensated for that loss.

{¶ 6} Petitioners argue that these policy reasons apply to adult children as well as minors. Consequently, they maintain that they should not be denied their right to recovery simply because they are adults. Respondent Tri State, however, rejects these arguments and instead contends that there are more persuasive reasons for refusing to extend loss-of-parental-consortium claims to adult, emancipated children.[2]

{¶ 7} The primary reason why respondent urges us to limit the holding of *Gallimore* to minor children is its belief that while minors suffer a compensable loss when a parent is injured, this loss is compensable only because minors are dependent upon a parent for their care and emotional guidance. By contrast, respondent maintains that the loss is so much less severe with adult children because they are no longer reliant upon a parent for financial or emotional support. Based upon this inherent difference, respondent concludes that we should not extend loss-of-parental-consortium claims to adult children.

---

2. Respondent contends that the fact that an adult child may recover damages under the wrongful death statute is irrelevant and does not create an anomaly. However, in *Gallimore*, we found this incongruity to be a relevant consideration in recognizing a parent's claim of loss of consortium of a minor child. *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 249-250, 617 N.E.2d 1052, 1056. We adhere to that rationale in this case as well.

**{¶ 8}** We reject the reasoning advanced by respondent. The fact that an adult child's relationship with a parent differs from that of a minor child does not provide us with justification for refusing to recognize an adult child's loss-of-parental-consortium claim. In *Gallimore*, we held that consortium may include services, society, companionship, comfort, love, guidance, and solace. *Id.*, 67 Ohio St.3d 244, 617 N.E.2d 1052. The essence of a parental-consortium claim is that a child is compensated for a harm done or for losses suffered as a result of injury to the parent and to the parent-child relationship. Mogill, And Justice For Some: Assessing the Need to Recognize the Child's Action for Loss of Parental Consortium (1992), 24 Ariz.St.L.J. 1321, 1324-1325. Certainly, both minor and adult children whose parent has been injured have suffered a loss that fits within this definition. In that regard, we agree with the sentiment expressed by the court in *Nelson v. Four Seasons Nursing Ctr.* (Okla.App.1996), 934 P.2d 1104, 1105, when it stated:

"There is simply no good reason to afford the personal right of companionship and the parent-child relationship less protection in cases involving adult children who seek to recover for injury to the parent-child relationship. In cases where the parent-child relationship is destroyed or nearly destroyed by the tort of the defendant, the affected children, both minors and adults alike, should be allowed to maintain a cause of action for loss of parental consortium."

**{¶ 9}** Furthermore, while it is true that minor children are more dependent upon their parents to satisfy their basic needs, as noted by one law review article, many adults actually renew their reliance on their parents when they reach middle age. Hammar, Breaking the Age Barrier in Alaska: Including Adult Children in Loss of Filial Consortium Actions (1995), 12 Alaska L.Rev. 73, 85. Therefore, just as minor children look to their parents for emotional support, those adult children who continue to enjoy a close relationship with their parents still depend upon their parents for affection, advice, and guidance as they become older. Consequently,

4

when a parent is seriously injured, the adult child suffers an injury in being deprived of that parent's love and guidance. Therefore, regardless of the age of the child, the loss to the parent-child relationship is real and should not be minimized.

{¶ 10} Therefore, we find that it is irrational to deny recovery for loss of parental consortium simply because the child has reached the age of majority. The fact that a child turns eighteen does not erase the need for parental guidance. As one commentator so aptly notes: "The parent-child relationship does not end when the child becomes eighteen. It endures throughout life and can be characterized by love, care and affection for the duration." *Id.*, 12 Alaska L.Rev. at 83. In that regard, it is important to recognize that " '[e]ven adult and married children have the right to expect the benefit of good parental advice and guidance.' " *Audubon-Exira Ready Mix, Inc. v. Illinois Cent. Gulf RR. Co.* (Iowa 1983), 335 N.W.2d 148, 150, quoting *Schmitt v. Jenkins Truck Lines, Inc.* (Iowa 1969), 170 N.W.2d 632, 665.

{¶ 11} The Arizona court in *Howard Frank, M.D., P.C. v. Maricopa Cty. Superior Court* (1986), 150 Ariz. 228, 232, 722 P.2d 955, 959, reiterated this rationale when recognizing a filial consortium claim (brought by parents to recover for injuries sustained by their adult child), when it stated:

"Surely nature recoils from the suggestion that the society, companionship and love which compose filial consortium automatically fade upon emancipation[,] while common sense and experience teach that the elements of consortium can never be commanded against a child's will at any age. The filial relationship, admittedly intangible, is ill-defined by reference to the ages of the parties and ill-served by arbitrary age distinctions. Some filial relationships will be blessed with mutual caring and love from infancy through death while others will always be bereft of those qualities. Therefore, to suggest as a matter of law that compensable consortium begins at birth and ends at age eighteen is illogical and inconsistent with common sense and experience."

**{¶ 12}** This rationale applies with equal force in the context of an adult emancipated child's cause of action for loss of parental consortium. The facts of this case demonstrate how great this loss is and why adult children deserve to be compensated. Here, the petitioners' father suffered a traumatic brain injury, is physically and mentally impaired, and will require custodial care for the remainder of his life. Petitioners have, for all practical purposes, lost the essence of the relationship they once enjoyed with their father. Because of his debilitating injuries, they can no longer enjoy life experiences with their father nor can they turn to him for advice, guidance, or emotional support. Certainly, these adult children deserve to be compensated for the tragic losses sustained just as minor children do.

**{¶ 13}** In conclusion, we find no legitimate reason to limit recovery for loss of parental consortium to minor children. Consequently, we hold that adult emancipated children may recover for loss of parental consortium. As we have now recognized an emancipated adult child's loss-of-consortium claim, these individuals, who were previously denied compensation due to an artificial age barrier, may now seek the legal redress they are entitled to for the losses they have suffered.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

_____

*Bashein & Bashein Co., L.P.A.*, and *W. Craig Bashein*; *Paul W. Flowers Co., L.P.A.*, and *Paul W. Flowers*, for petitioners.

*Shumaker, Loop & Kendrick, LLP*, and *William H. Heywood III,* for respondent.

*Calhoun, Kademenos & Heichel Co., L.P.A.*, and *Janet L. Phillips*, in support of petitioners for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____