RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1506-MR

VALERIE DAY                                                          APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE BRIAN C. EDWARDS, JUDGE
            ACTION NO. 17-CI-004838

CENTERSTONE OF KENTUCKY, INC.
(FORMERLY SEVEN COUNTIES SERVICES, INC.)          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Appellant, Valerie Day, appeals the Jefferson Circuit Court's

summary judgment order in favor of Appellee, Centerstone of Kentucky, Inc.

(formerly Seven Counties Services, Inc.). For the following reasons, we affirm.

## BACKGROUND

Day was hired by Centerstone in September 2013 as a therapist. She was given an Employee Handbook, which set forth Centerstone's workplace policies, including its Sexual Harassment Policy. This policy prohibited sexual harassment and other harassment in the workplace and provided that an employee may be dismissed for sexual and/or other harassment.

On or about May 1, 2017, Centerstone received a report that Day was sexually harassing one of her co-workers (the Complainant). This report was forwarded to Centerstone's Risk Management and Human Resources, resulting in a meeting between the Director of Risk Management (Director) and the Complainant, as well as the Complainant's supervisor. The Director recommended that Day be suspended.

On May 2, 2017, Day met with the Director and the head of the Human Resources department and was told that a complaint had been filed against her, but they could not provide more details at that time. An investigation was conducted in which Centerstone learned about Day's unwanted advances, contact, comments, and gifts to the Complainant from April 2016 to April 2017, which had made the Complainant feel uncomfortable at work. The allegations were deemed credible and against Centerstone's Sexual Harassment Policy. On May 5, 2017, Day was terminated.

On September 13, 2017, Day filed a lawsuit against Centerstone. Day alleged she was wrongfully terminated in violation of Kentucky public policy. She also claimed intentional infliction of emotional distress (IIED) and breach of an implied contract. After the discovery phase, Centerstone filed a motion for summary judgment, which the circuit court granted on October 26, 2020. The circuit court held that Day was an at-will employee and Centerstone could terminate her employment for any cause. The circuit court also dismissed her IIED claim because Day failed to demonstrate severe emotional distress in her pleadings or prove Centerstone's conduct rose to an outrageous level. Moreover, the circuit court dismissed Day's breach of implied contract claim because Day, as an at-will employee, failed to prove an implied contract between herself and Centerstone.

This appeal followed. Additional facts will be developed as necessary.

## STANDARD OF REVIEW

We begin by reviewing the standards applied when handling summary judgment. "Summary judgment is to be 'cautiously applied and should not be used as a substitute for trial.'" *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (quoting *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky. 1991)). Granting summary judgment "is an extraordinary remedy and should only be used to terminate litigation when, as a

-3-

matter of law, it appears that it would be impossible for the respondent to produce evidence at trial warranting a judgment in her favor and against the movant." *Id.* (citations omitted). The term "impossible" is to be used in "a practical sense, not in an absolute sense." *Id.* (quoting *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992)). The circuit court must review the evidence to determine whether a genuine issue of material fact exists. *Id.* This requires the facts be viewed through a lens most favorable to the party opposing summary judgment. *Id.* Here, the facts must be viewed in a light most favorable to Day.

Appellate review of a motion for summary judgment only involves questions of law and "a determination of whether a disputed material issue of fact exists." *Id.* Therefore, our review is *de novo* with no need to defer to the circuit court's decision. *Id.*

## ANALYSIS

For her appeal, Day asks the Court to reverse the circuit court's summary judgment order based on three arguments: (1) Centerstone violated its duty of good faith and fair dealing with her, which she contends should be a public policy exception to the terminable-at-will doctrine or, in the alternative, the law surrounding the terminable-at-will doctrine should change; (2) her IIED claim should survive because Centerstone's conduct was outrageous and she suffered

-4-

severe emotional distress; and (3) her Employee Handbook was an implied contract, which Centerstone breached.

## I. Wrongful termination

Under Kentucky law, an employer may ordinarily "discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). "An exception to this rule exists when the termination violates public policy as expressed by the employee's exercise of a constitutional or statutory right, which may give rise to an action for wrongful termination." *Greissman v. Rawlings and Associates, PLLC*, 571 S.W.3d 561, 563 (Ky. 2019). The Kentucky Supreme Court summarized the public policy exception to the employment-at-will doctrine as:

> 1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.
>
> 2) That policy must be evidenced by a constitutional or statutory provision.
>
> 3) The decision of whether the public policy asserted meets these criteria is a question of law for the courts to decide, not a question of fact.

*Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985).

Day does not dispute the at-will nature of her employment with Centerstone. Also, she does not dispute that she was not asked to violate any law,

statute, or take any action with which she did not agree during her employment with Centerstone. Instead, Day contends that Centerstone failed to follow its own procedures when terminating her, which violated the "public policy" that employees are to be treated fairly by their employers. She reasons that "public policy" is a set of social or contractual norms of what is right and Centerstone's unfair treatment of her violates her definition of public policy. Thus, Day claims the public policy exception to the terminable-at-will doctrine should apply.

In the alternative, Day argues that Kentucky courts should "re-think the position" that an at-will employee must cite a statute or constitutional provision to maintain a wrongful termination case. She claims this is an arbitrary and unjust rule.

We conclude that summary judgment was appropriate as to this claim. Day has not met the criteria for her case to fall within the public policy exception to the terminable-at-will doctrine. She has not identified any existing law or constitutional or statutory provision to meet the public policy exception. Although Day complains that Centerstone did not treat her fairly and failed to follow its own policies and procedures when terminating her, that is not a public policy exception to the terminable-at-will doctrine. And, Day fails to cite any case law or support for such an expansion of the terminable-at-will doctrine. In any event, as an intermediate appellate court, we are not at liberty to depart from precedent

established by the Kentucky Supreme Court.  SCR[1] 1.030(8)(a); *see also Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000).  Therefore, we hold that Day fails to meet the public policy exception.

Moreover, despite Day's position that Kentucky courts should allow wrongful termination cases to proceed forward without the need to meet the public policy exception, this area of the law is fairly settled.  The Kentucky Supreme Court recently outlined the state of the law regarding the public policy exceptions in *Marshall v. Montaplast of North America, Inc.*, 575 S.W.3d 650 (Ky. 2019).

In *Marshall*, an at-will employee accurately informed her co-workers that one of their supervisors was a registered sex offender.  The employer terminated the at-will employee and she sued for wrongful termination.  In upholding the dismissal of her suit, the Court held that, although the Sex Offender Registration Act in KRS[2] 17.500 *et seq.* allowed for public dissemination of registration information, this Act did not provide a *right* to disseminate.  *Marshall*, 575 S.W.3d at 655-56.  Because the *right* to disseminate was not contained in the statute, the public policy exception to the terminable-at-will doctrine did not apply. *Id.*  "As much as we may wish to, this Court cannot, by judicial fiat, insert that right into the statutory scheme." *Id.* at 656.

---

[1] Supreme Court Rules.

[2] Kentucky Revised Statutes.

-7-

The *Marshall* case illustrates that the Court cannot expand the public policy exception to the terminable-at-will doctrine even when they "may wish." Under *stare decisis*, "precedent is presumptively binding." *Jenkins v. Commonwealth*, 496 S.W.3d 435, 451 (Ky. 2016). The criteria to meet a public policy exception to the terminable-at-will doctrine is clearly laid out in Kentucky Supreme Court precedent and Day failed to meet that criteria.

## II.  IIED

Next, Day argues that Centerstone's failure to follow its own policies and procedures, as well as its false accusations and misrepresentations against her, caused her emotional distress and forms the basis of an IIED claim. She contends that the jury, not the court, should decide whether Centerstone's conduct was so egregious as to satisfy the elements of an IIED claim.

We disagree. As held in *Goebel v. Arnett*, 259 S.W.3d 489, 493 (Ky. App. 2007), "[i]t is for the court to decide whether the conduct complained of can reasonably be regarded to be so extreme and outrageous as to permit recovery." To recover, a plaintiff must make a *prima facie* case by showing:  the wrongdoer's conduct was intentional or reckless and so intolerable that it "offends against the generally accepted standards of decency and morality"; a causal connection between the conduct and the emotional distress; and that the emotional distress is severe. *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). Thus, the court,

-8-

not the jury, can decide whether a plaintiff's allegations support an IIED claim. *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 544-45 (Ky. App. 2013).

Furthermore, for IIED claims in wrongful termination cases, this Court has held that "mere termination clearly does not rise to the level of outrageous conduct required to support an IIED claim." *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 572 (Ky. App. 2005). The Court went on to hold that, even if an employee's termination was based on discrimination, that does not rise to the level of extreme and outrageous conduct. *Id.* (citing *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)). For comparison, a wrongful termination case where IIED was found is *Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky. 1996). In that case, the employer engaged in a calculated attempt to force its employee to resign and sign a release discharging it from liability with a false assurance that he could have a job with a bakery in South Carolina when no such position existed and that bakery had never promised to hire him. *Id.* at 63.

Day claims Centerstone's conduct was outrageous because she was not told her behavior was inappropriate before the May 5, 2017, meeting. Also, she claims that, during the May 5th meeting, Centerstone falsely alleged that a supervisor had given Day two previous warnings not to contact the Complainant. Further, she claims Centerstone did not tell her how to appeal her termination or

provide her with a copy of the Personal Infraction Document and/or the final report of the investigation.

The tort of IIED "is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees." *Osborne*, 31 S.W.3d at 914 (citation omitted). Taken in the light most favorable to Day, her allegations regarding Centerstone's conduct do not rise to the level of outrageous conduct.

Moreover, Day's IIED claim fails because she failed to demonstrate that her emotional distress was "severe" or "serious." *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). "Distress that does not significantly affect the plaintiff's everyday life or require significant treatment will not suffice." *Id.* While Day claims her termination exacerbated her post-traumatic stress disorder, she did not present the evidence necessary to support her claim. *See Steelvest*, 807 S.W.2d at 481. She only presented her own statement that she suffered severe emotional distress, which is insufficient to meet her burden.

Accordingly, we affirm the circuit court's summary judgment order dismissing Day's IIED claim.

## III. Implied contract

Finally, Day argues the Employee Handbook constituted an implied contract, which Centerstone breached when terminating her for harassment without

a fair hearing or ability to appeal the termination. In response, Centerstone claims the Employee Handbook is not an implied contract and Day's argument ignores the disclaimer on the first page, which clearly states that the Employee Handbook is not a contract.

> The Employee Handbook states:
>
> This handbook does not constitute an employment contract. It is a statement of the procedures and guidelines in effect at the time of print. … A current version of all procedures and guidelines is available on Seven Central or CSH & KCPC SharePoint portal. *Employees of Seven Counties Services, Inc. are terminable at will.*

(Emphasis in original.) In *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 825 (Ky. App. 1987), the Kentucky Supreme Court held that disclaimers, like the one above, stating that an employee handbook is not an employment contract, are valid and binding.

Day's only citation in support of her implied contract argument is *Crowell v. Woodruff*, 245 S.W.2d 447 (Ky. 1951). However, that case involved a written contract between the employee and employer and is not helpful to Day's implied contract argument. While Day argues that Centerstone did not deal fairly with her, by violating its own policies and procedures when terminating her employment, this does not prove that an implied contract existed between her and

-11-

Centerstone. Again, as an at-will employee, Centerstone could terminate her for any cause. *Meadows*, 666 S.W.2d at 731.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Alan W. Roles
Louisville, Kentucky

BRIEF FOR APPELLEE:

Craig L. Johnson
Timothy B. George, Jr.
Louisville, Kentucky