RENDERED:  JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1096-MR

SENECA PLACE, LLC; BLUEGRASS
CONSULTING GROUP HOLDINGS,
LLC; SENECA PLACE HOLDINGS,
LLC; AND TAYLOR SHAW, IN HER
CAPACITY AS ADMINISTRATOR
OF SENECA PLACE                                                                APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE MITCHELL PERRY, JUDGE
                        ACTION NO. 22-CI-003125


GARRY BIBBS, AS
ADMINISTRATOR OF THE ESTATE
OF WILLIE D. BIBBS, DECEASED                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE:  Seneca Place, LLC, et al., ("Appellants") appeal

from an opinion and order of the Jefferson Circuit Court denying their motion to

compel arbitration.  Appellants argue that the circuit court erred in failing to

conclude that the Power of Attorney ("POA") held by Garry Bibbs,[1] as Administrator of the Estate of Willie D. Bibbs, deceased ("Appellee") authorized Appellee to enter into an arbitration agreement on behalf of Willie D. Bibbs ("Mr. Bibbs"). After careful review, we find no error and affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

Seneca Place is a residential nursing facility located in Louisville, Kentucky. On December 7, 2020, Mr. Bibbs became a resident of the facility. According to the record, Mr. Bibbs' health declined rapidly after his admission. He died on December 14, 2020.

On June 21, 2022, Appellee, as representative of Mr. Bibbs' estate, filed the instant action in Jefferson Circuit Court against Appellants setting forth claims of negligence and wrongful death. The matter proceeded in Jefferson Circuit Court, culminating in Appellants' motion for arbitration. The motion was based on an arbitration agreement signed by Appellee at the time of Mr. Bibbs' admission. Appellants asserted that the POA previously executed by Mr. Bibbs authorized Appellee to execute the arbitration agreement on Mr. Bibbs' behalf.

Appellee filed a responsive pleading, and the Jefferson Circuit Court conducted a hearing on the motion. Thereafter, the circuit court entered an opinion

---

[1] The Notice of Appeal incorrectly spells Appellee's first name.

and order denying Appellants' motion to compel arbitration. In support of the opinion and order, the circuit court relied on a series of opinions of the Kentucky Supreme Court, which it interpreted as holding that POAs pertaining only to finances and real estate were not sufficient to grant the broad authority to enter into arbitration agreements. The circuit court determined that the POA at issue – like the POAs of the Kentucky Supreme Court opinions cited – was limited in scope and did not grant to Appellee the broad authority to execute an arbitration agreement on Mr. Bibbs' behalf. It ruled that since the POA did not grant the authority to enter into an arbitration agreement, the agreement was void and unenforceable. This appeal followed.

## STANDARD OF REVIEW

In reviewing an order denying enforcement of an arbitration agreement, the trial court's legal conclusions are reviewed *de novo* "to determine if the law was properly applied to the facts[;]" however, factual findings of the trial court "are reviewed under the clearly erroneous standard and are deemed conclusive if they are supported by substantial evidence."

*Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 833 (Ky. 2013) (citation omitted).

## ARGUMENTS AND ANALYSIS

Appellants assert that the POA held by Appellee authorized him to enter into "any contracts or agreements" on behalf of Mr. Bibbs, including

-3-

arbitration agreements. That being the case, Appellants argue that the Jefferson Circuit Court erred in failing to enforce the arbitration agreement. Appellants direct our attention to the POA, which states,

> I, WILLIE DEAN BIBBS, . . . hereby appoint DR. GARRY R. BIBBS, . . . to be my true and lawful attorney in fact with full power for me and in my name and stead to make contracts, lease, sell or convey any real or personal property that I may now or hereafter own; to receive and receipt for any money which may now or hereafter be due to me; to retain and release all liens on real or personal property; to pay any debts now owed by me or any incurred by me in the future; to draw, make and sign any and all checks on my checking account, to endorse and cash checks made payable to me, including local, state and federal government checks; to enter into and rescind any contracts or agreements on by [sic] behalf; to invest and reinvest my money for me; to withdraw any money which I may have on deposit in any bank, building or loan associations, or any other type of financial institution; to institute or defend lawsuits concerning my property or rights; to enter alone any safety deposit box of mine standing in my name, in any banking institution in the Commonwealth of Kentucky, or elsewhere, to authorize my Curator and to act on my behalf and as my true and lawful attorney in fact, DR. GARRY R. BIBBS do and perform for me in my name all that I might do if I were present and I hereby adopt and ratify all the acts of my said attorney done in pursuit of the power hereby granted as fully as if I were present, acting in my own proper person.
>
> I also direct that this Durable Power of Attorney shall extend beyond any disability, either physical or mental, which may impair my ability to act. This Durable Power of Attorney will only be limited by my death, but not my physical or mental disability.

-4-

Appellants point specifically to the POA's language providing that Appellee may "enter into and rescind *any* contracts or agreements on [my] behalf." (Emphasis added.) They assert that this language is broadly drafted, and expressly granted to Appellee the authority to enter into an arbitration agreement on behalf of Mr. Bibbs. Appellants argue that the use of the word "any" in relation to "contracts" is subject to but one interpretation, and clearly evinces Mr. Bibbs' intent to allow Appellee to enter into contracts beyond financial and real estate matters.

Additionally, Appellants point out that the POA authorized Appellee to "institute or defend any lawsuits concerning his property or rights." They point to state and federal case law for the proposition that concomitant with the right to institute a lawsuit is the right to litigate or settle that suit. Since the POA provided what they characterize as a clear statement that Appellee had the right to institute or defend any lawsuits concerning Mr. Bibbs' rights, they argue that the Jefferson Circuit Court erred in failing to enforce the arbitration agreement executed by Appellee on Mr. Bibbs' behalf.

In considering Appellants' argument, the Jefferson Circuit Court relied on a series of Kentucky Supreme Court opinions holding that POAs pertaining only to finances and real estate were insufficient to convey the authority to enter into arbitration agreements. In *Ping v. Beverly Enterprises, Inc.*, 376

S.W.3d 581 (Ky. 2012), for example, the high Court noted the broad grant of authority in a POA from the principal to her daughter. The *Ping* POA granted the power,

> to do and perform any, all, and every act and thing whatsoever requisite and necessary to be done, to and for all intents and purposes, as I might or could do if personally present, including but not limited to the following: . . . tak[ing] possession of any and all monies, goods, chattels, and effects belonging to me, wheresoever found; . . . receiv[ing], deposit[ing], invest[ing] and spend[ing] funds on my behalf; . . . tak[ing] charge of any real estate which I may own . . . , and to mortgag[ing], convey[ing] or sell[ing] said real estate and perform[ing] any acts necessary to mortgage, convey or sell said real estate . . . [t]o make any and all decisions of whatever kind, nature or type regarding my medical care, and to execute any and all documents, including, but not limited to, authorizations and releases, related to medical decisions affecting me; and [t]o generally do any and every further act and thing of whatever kind, nature, or type required to be done on my behalf.

*Id.* at 586-87. Additionally, the *Ping* POA granted the agent "full and general power and authority to act on my behalf" and stated the "enumeration of specific items, rights, or acts or powers herein is not intended to, nor does it limit or restrict, the general and full power herein granted to my said attorney-in-fact." *Id.* at 587.

Despite the broad grant of authority set out in the POA, the Kentucky Supreme Court ruled that the authority to act on the principal's behalf was limited to the subject matter expressly set out in the grant, *i.e.*, finances, real estate, and

medical care. *Id.* at 592. In so doing, it determined that the POA did not grant the authority to enter into an arbitration agreement. *Id.* at 593. Similar conclusions were reached in other opinions, including *LP Louisville East, LLC v. Patton*, 651 S.W.3d 759 (Ky. 2020). In *Patton*, the Kentucky Supreme Court reaffirmed that, "an agent's authority under a power of attorney is to be construed with reference to the types of transaction expressly authorized in the document[.]" *Id.* at 769.

After closely examining the record and the law, we find no error in the Jefferson Circuit Court's conclusion that Mr. Bibbs' POA did not grant to Appellee the authority to enter into an arbitration agreement on Mr. Bibbs' behalf. We are constrained by precedent. "[A]n intermediate appellate court . . . is bound by established precedents of the Kentucky Supreme Court. [Kentucky Rules of the Supreme Court ("SCR")] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor court." *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000) (citation omitted).

Though Mr. Bibbs' POA contains broad language appearing to evince his intent to authorize Appellee to enter into all contracts and agreements on Mr. Bibbs' behalf ("enter into . . . any contracts or agreements"), the Kentucky Supreme Court has limited this grant of authority to subject matters expressly set out in the POA. The subject matters expressly set out in Mr. Bibbs' POA are financial and real estate matters. The POA did not expressly grant to Appellee the

authority to enter into an arbitration agreement on Mr. Bibbs' behalf. Based on *Ping* and the related Kentucky Supreme Court precedent, we conclude that Mr. Bibbs' POA did not grant to Appellee the authority to enter into an arbitration agreement. The Jefferson Circuit Court properly so found.

Appellants go on to argue that because the arbitration agreement is unambiguous, the circuit court should not have relied on extrinsic evidence that Appellants refused to provide copies of Mr. Bibbs' medical records to Appellee based on Appellants' belief that the POA did not authorize their release. In other words, Appellants acknowledged that the POA did not give Appellee complete authority over Mr. Bibbs by refusing to give Appellee the medical records. We agree with Appellants that their response to Appellee's request for medical records is not relevant as to the question of whether the POA gave Appellee the authority to execute the arbitration agreement. This argument is moot, however, as we have previously determined that Appellee did not have the authority to enter into the arbitration agreement on Mr. Bibbs' behalf.

## CONCLUSION

Kentucky Supreme Court precedent holds that a POA's express grant of authority on financial and real estate matters is limited in scope and does not authorize the agent to enter into an arbitration agreement. As applied herein, while Mr. Bibbs' POA granted the authority to Appellee to act on financial and real

estate matters, it did not give Appellee the authority to execute the arbitration agreement with Appellants. The Jefferson Circuit Court properly so found. Accordingly, we find no error and affirm the order on appeal.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Scott R. Redding
Bridget A. Coraz
Euva D. May
Louisville, Kentucky

BRIEF FOR APPELLEE:

Hannah R. Jamison
Lexington, Kentucky