RENDERED: MAY 29, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1225-MR

A.O.                                                                                          APPELLANT

v.                         APPEAL FROM JEFFERSON CIRCUIT COURT
                           HONORABLE JULIE KAELIN, JUDGE
                           ACTION NO. 23-H-000128-001

COMMONWEALTH OF KENTUCKY                                          APPELLEE

AND

NO. 2024-CA-0035-MR

A.O.                                                                                          APPELLANT

v.                         APPEAL FROM JEFFERSON CIRCUIT COURT
                           HONORABLE JULIE KAELIN, JUDGE
                           ACTION NO. 23-H-000128-001

COMMONWEALTH OF KENTUCKY                                          APPELLEE

AND

NO. 2024-CA-0866-MR

A.O.                                                                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT

v.                     HONORABLE JULIE KAELIN, JUDGE

ACTION NO. 23-H-000128-001

COMMONWEALTH OF KENTUCKY                 APPELLEE

AND

NO. 2025-CA-0078-MR

A.O.                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT

v.                     HONORABLE JULIE KAELIN, JUDGE

ACTION NO. 23-H-000128-001

COMMONWEALTH OF KENTUCKY                 APPELLEE

AND

NO. 2025-CA-1015-MR

A.O.                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT

v.                     HONORABLE JULIE KAELIN, JUDGE

ACTION NO. 23-H-000128-001

COMMONWEALTH OF KENTUCKY                 APPELLEE

<u>OPINION</u>
<u>AFFIRMING IN PART AND REVERSING IN PART</u>
<u>APPEAL NO. 2023-CA-1225-MR AND</u>
<u>AFFIRMING APPEAL NOS. 2024-CA-0035-MR, 2024-CA-0866-MR,</u>
<u>2025-CA-0078-MR, AND 2025-CA-1015-MR</u>

** ** ** ** **

BEFORE:  CALDWELL, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  A.O. appeals orders in separate appeals entered by the Jefferson Circuit Court on September 6, 2023, December 7, 2023, June 17, 2024, December 17, 2024, and July 14, 2025, as concerns the involuntary commitment of A.O. in accordance with Kentucky Revised Statutes (KRS) Chapter 202C enacted by the Kentucky General Assembly in 2021.  These appeals involve the same parties and underlying issue – the constitutionality of KRS Chapter 202C as concerns commitment of a defendant deemed incompetent to stand trial.  Accordingly, for judicial expediency and economy, these appeals have been consolidated for review by this Court.  For the reasons stated, we affirm in part and reverse in part Appeal No. 2023-CA-1225-MR, and affirm Appeal Nos. 2024-CA-0035-MR, 2024-CA-0866-MR, 2025-CA-0078-MR, and 2025-CA-1015-MR.

<u>BACKGROUND</u>

In December of 2020, A.O. was arrested in Jefferson County and charged with attempted murder, assault in the first and second degree, unlawful imprisonment in the first degree, and being a felon in possession of a firearm.  In

June of 2021, A.O. requested a competency hearing. After an evaluation by the Kentucky Correctional Psychiatric Center (KCPC), the Jefferson Circuit Court held a competency hearing on January 23, 2023. The court found A.O. incompetent to stand trial and unlikely to attain competence in the near future.

Immediately thereafter, the Commonwealth petitioned the circuit court for the involuntary commitment of A.O. pursuant to KRS Chapter 202C. A.O. objected to the involuntary commitment proceedings. He argued KRS Chapter 202C was unconstitutional. By order entered June 13, 2023, the circuit court upheld the constitutionality of KRS Chapter 202C, except as concerns the provisions set out in KRS 202C.030(3), regarding the burden of proof requirement of preponderance of the evidence for the initial evidentiary hearing provided for in KRS 202C.030(1). The court concluded this proof requirement was unconstitutional, substituting therefore the "beyond a reasonable doubt" standard. Record at 61. The circuit court then conducted a final commitment hearing with a jury beginning on August 30, 2023, thru September 6, 2023, which found A.O. guilty beyond a reasonable doubt, meeting the necessary criteria for involuntary commitment under KRS 202C.050. The circuit court entered a final involuntary commitment order on September 6, 2023, committing A.O. to KCPC per KRS Chapter 202C. The appeal in Appeal No. 2023-CA-1225-MR followed.

In accordance with KRS 202C.060, involuntary review hearings were conducted by the circuit court to determine if A.O. should remain committed at KCPC on December 6, 2023, June 17, 2024, December 17, 2024, and July 14, 2025. The court promptly entered orders at the conclusion of each hearing continuing A.O.'s involuntary commitment at KCPC. A.O. timely appealed each of those orders in Appeal Nos. 2024-CA-0035-MR, 2024-CA-0866-MR, 2025-CA-0078-MR, and 2025-CA-1015-MR. These appeals from the review hearings can be characterized as "protective" appeals, intended to preserve A.O.'s constitutional challenge to the enforceability of KRS Chapter 202C.

The appeals in Appeal Nos. 2023-CA-1225-MR, 2024-CA-0035-MR, and 2024-CA-0866-MR were previously held in abeyance by this Court pending resolution of *R.L.P. v. Commonwealth*, 2025-SC-0121-DG, that was pending before the Kentucky Supreme Court. These cases were returned to this Court's active docket by Amended Order entered May 12, 2026. The appeals in Appeal Nos. 2025-CA-0078-MR and 2025-CA-1015-MR were assigned to this panel on May 7, 2026, and have been consolidated with the aforesaid appeals for disposition on the merits.

ANALYSIS

The Kentucky Supreme Court has recently reviewed the same constitutional challenges presented by A.O. to this Court in *R.L.P v.*

*Commonwealth*, No. 2025-SC-0121-DG, 2026 WL 1108613 (Ky. Apr. 23, 2026).[1]

Therein, the Supreme Court upheld the constitutionality of KRS Chapter 202C in its entirety which delineates the process for the involuntary commitment of a defendant who is deemed incompetent to stand trial.

The Kentucky Court of Appeals may not ignore a precedent established by decision of the Kentucky Supreme Court. Rules of the Supreme Court Rule 1.030(8)(a) states as follows:

> The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court.

As an intermediate appellate court, we are simply duty bound to follow the established precedents set out by the Kentucky Supreme Court in its opinions. *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000).

In *Special Fund v. Francis*, 708 S.W.2d 641 (Ky. 1986), the Supreme Court eloquently explained why it is imperative that judicial precedents be followed:

> The rule is fundamental and is absolutely necessary in a hierarchical judicial system. If every tier of courts in the judicial hierarchy were free to disregard the decisions of a higher court, the Court of Appeals could freely disregard the decisions of the Supreme Court, the circuit courts could freely ignore the decisions of the Court of

---

[1] The Kentucky Supreme Court has designated its Opinion in *R.L.P v. Commonwealth*, No. 2025-SC-0121-DG, 2026 WL 1108613 (Ky. Apr. 23, 2026) to be published; however, at this time, *R.L.P.* has not received an official citation, its finality being May 14, 2026.

-6-

Appeals and the Supreme Court and our District Courts would be bound by no law at all, free to ignore the decisions of all higher courts. The result of that course is anarchy.

*Id.* at 642.

In accordance with *R.L.P.*, we must reject A.O.'s constitutional challenges to KRS Chapter 202C. However, we note that in Appeal No. 2023-CA-1225-MR, the circuit court held that the preponderance of the evidence standard for the initial evidentiary hearing under KRS 202C.030(3) was unconstitutional. The Supreme court addressed this very issue in *R.L.P.*, and found the statute to be constitutional. Therein, the Supreme Court stated:

We instead agree with the Commonwealth that the KRS 202C.030 evidentiary hearing is merely a preliminary screening process similar to those under KRS 202A.051(6)(a), KRS 202B.100(8), and KRS 222.433(2).

. . . .

An initial hearing or determination with a lower standard of proof followed by a hearing with a heightened standard of proof is the typical procedure under our involuntary commitment statutes. . . .

. . . .

Certainly, a determination of a respondent's eligibility for commitment under KRS 202C.050 by a preponderance of the evidence during the KRS 202C.030 evidentiary hearing, as opposed to his "guilt" of the underlying offense, would place KRS Chapter 202C in more alignment with our other civil commitment statutes. However, it is not the business of this Court to tell the General Assembly how to "best" write an otherwise constitutional statute; we are not the men and women in

that proverbial arena. Rather, our bailiwick is to determine whether a given statute, as written, is violative of either the U.S. or Kentucky Constitution, and in the case KRS 202C.030, we cannot conclude that such a violation has occurred.

*R.L.P. v. Commonwealth*, No. 2025-SC-0121-DG, 2026 WL 1108613, *12-*13 (Ky. Apr. 23, 2026).

Accordingly, we reverse that part of the circuit court's June 13, 2023, and September 6, 2023, orders in Appeal No. 2023-CA-1225-MR, holding KRS 202C.030(3) unconstitutional. We affirm the remaining parts of said orders upholding the constitutionality of KRS Chapter 202C. We also affirm the remaining orders in Appeal Nos. 2024-CA-0035-MR, 2024-CA-0866-MR, 2025-CA-0078-MR, and 2025-CA-1015-MR, continuing A.O.'s involuntary commitment at KCPC per KRS 202C.060.

ALL CONCUR.

| BRIEFS FOR APPELLANT IN ALL APPEALS: | BRIEFS FOR APPELLEE IN ALL APPEALS: |
|---|---|
| Elizabeth B. McMahon<br>Department of Public Advocacy<br>Frankfort, Kentucky | Russell Coleman<br>Attorney General of Kentucky<br><br>Matthew F. Kuhn<br>Sarah N. Christensen<br>Jacob M. Abrahamson<br>Assistant Solicitors General<br>Frankfort, Kentucky |